```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES H. BRADY,

                Plaintiff,

           -against-

BARRY R. OSTRAGER; JOHN DOE 1–10;
JANE DOE 1–10,

                Defendants.

19 Civ. 7122 (LGS)

ORDER OF DISMISSAL

LORNA G. SCHOFIELD, United States District Judge:

        Plaintiff James H. Brady brings this *pro se* action, for which the filing fees have been paid, alleging that Defendant Barry R. Ostrager, a Justice of the New York Supreme Court, New York County, violated Plaintiff's constitutional rights during state court proceedings. For the reasons below, the Complaint is dismissed as barred by judicial immunity and the *Rooker-Feldman* doctrine.

## BACKGROUND

        Plaintiff Brady filed a 152-page Complaint (44 pages plus 108 pages of exhibits) against Justice Ostrager, New York County, ten John Does, and ten Jane Does. The Complaint states the following causes of action: "violations of Plaintiff's civil rights to due process and equal treatment pursuant to 42 U.S.C. § 1983 and § 1985; violation of Plaintiff's First Amendment right; and violations of Civil RICO 18 U.S.C. § 1964(c); Conspiracy Against Rights; Failure to Intervene; Denial of Plaintiff's Right to a Fair Trial; and Intentional Infliction of Emotional Distress." (Dkt. No. 2 at 1.)

        The allegations concern decisions that Justice Ostrager made in a litigation over The Arts Building, 336 West 37th Street, New York, New York 10018. (Dkt. No. 2 at 84.) The Complaint alleges that the judge refused to adjudicate certain issues, had no jurisdiction to preside over

Plaintiff's 2015 trial, colluded with the landlord's attorney during trial, fabricated a jury charge, had no jurisdiction to hear Plaintiff's case and colluded with higher court judges. (Dkt. No. 2 at 39.)

The Complaint further states that Plaintiff has maintained a website since 2009 "which provides a documentary history of corruption in the New York Court System," and that he "has also made numerous YouTube Videos in which he discusses in detail the collusion between judges and politicians, and the consequences on the judiciary." (Dkt. No. 2 at 28.) Because of this activity, the Complaint alleges that Justice Ostrager and others have retaliated against Plaintiff.

**STANDARD**

The Court has the authority to dismiss a Complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous or the Court lacks subject matter jurisdiction. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim is frivolous when it "lacks an arguable basis either in law or in fact," *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998), or "when 'it is clear that the defendants are immune from suit," *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

While generally, "[a] pro se Complaint should not [be] dismiss[ed] without [the court's] granting leave to amend at least once when a liberal reading of the Complaint gives any indication that a valid claim might be stated," this principle has limits. See Dolan *v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). In "extraordinary circumstances," a court need not grant leave to amend, where "the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988), it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims," *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d

2

...

Cir.1999), or amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011).

## DISCUSSION

**A.     Judicial Immunity**

Plaintiff's claims are all based on Justice Ostrager's rulings in a state court proceeding. These claims are dismissed under the doctrine of judicial immunity.

Judges are absolutely immune from suit for actions they take within the scope of their judicial responsibilities and jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature," and "even [a party's] allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Section 1983 further provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983. Only when a judge takes action "outside" his judicial capacity or when a judge takes action "in absence of jurisdiction" does immunity not apply. *Mireles*, 502 U.S. at 9-10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Because the claims against Justice Ostrager arise of out of his alleged rulings and actions while presiding over state court proceedings, all of which were within his judicial capacity and jurisdiction, these claims are dismissed.

**B.      Rooker-Feldman doctrine**

The claims are also barred by the *Rooker-Feldman* doctrine.  Federal courts lack subject matter jurisdiction to review cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).  The Complaint alleges the state court decisions violate Plaintiff's rights. These claims are for injuries "caused by the state court judgment," *Exxon*, 544 U.S. at 284, over which this Court does not have jurisdiction.

**C.      John and Jane Doe Defendants**

The Complaint also includes John and Jane Doe Defendants in the caption, but only makes conclusory statements that these Defendants, along with Justice Ostrager and Governor Andrew Cuomo, "engaged in a RICO enterprise that has been 'continuous' pursuant to the statute." (Dkt. No. 2 at 37.)  Because the Complaint includes no factual allegations to support these legal conclusions, these claims are dismissed.

**D.      Prior Injunction against Plaintiff**

On February 3, 2017, in a prior similar case, Judge Daniels enjoined Plaintiff from:

> filing new actions in the Southern District of New York that relate in any way to [a] cooperative's air rights appurtenant to [Plaintiff's] cooperative unit at 450 West 31st Street, New York, New York, or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights. This injunction should be broadly construed to bar the filing without leave of this Court of any case, against any defendant that has as a factual predicate the

4

> cooperative's air rights appurtenant to Plaintiff's penthouse unit, or any of the collateral actions that have arisen from it.

*Brady v. Goldman*, 16 Civ. 2287, 85, 2017 WL 496083, at *2 (S.D.N.Y. Feb. 3, 2017), *aff'd*, 714 F App'x 63 (2d Cir. 2018) (summary order), *cert. denied*, 139 S.Ct. 329 (2018) ("*Brady I*"). Judge Daniels adopted Judge Netburn's Report & Recommendation, which noted that Brady had "presented a long series of lawsuits that could only be considered vexatious, harassing, and duplicative and in which he has no objective good-faith expectation of prevailing," and that his litigation "has strained the resources of both the federal and state judiciary and provoked needless expense among the parties, both private and public." (Dkt. No. 4. at 5.)

In an action filed after the court's February 3, 2017 injunction, *see Brady v. DiFiore*, DKT. NO. 19 Civ. 4380, 1 (S.D.N.Y. May 22, 2019) ("*Brady II*"), the court found that that action fell squarely among the types of actions that Judge Daniels in *Brady I* specifically enjoined. The *Brady II* court construed the Complaint as requesting leave to file, denied the request, and warned Plaintiff, under 28 U.S.C. § 1651, that if he continued to disregard the filing injunction in *Brady I*, the court may impose additional sanctions, including monetary penalties.

The New York state court has also previously warned Plaintiff.  Justice Shirley Kornreich found that Brady's "dragging more than twenty parties into court to litigate matters that have already been determined and claims that lack any substance" were "a near perfect example of frivolous conduct," and imposed attorneys' fees as a sanction. *Brady v. 450 West 31st Street Owners Corp.*, 2014 WL 3515139 (Sup. Ct. N.Y. Cnty. July 15, 2014).

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing any new action in this Court without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed as barred by judicial immunity and the *Rooker-Feldman* doctrine. The February 3, 2017 injunction, *see Brady I*, 16 Civ. 2287, remains in effect.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action, and to mail a copy of this Order and judgment to Plaintiff.

SO ORDERED.

Dated:  August 20, 2019
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**