RECEIVED
SDNY PRO SE OFFICE
2019 AUG 20 PM 12:31

August 20, 2019

James H. Brady
510 Sicomac Ave.
Wyckoff, NJ 07481

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York NY 10007

Re: *James H. Brady v. Barry R.. Ostrager*, Index: 7:19-cv-07122

Dear Honorable Judge Schofield:

I am writing pertaining to the inappropriate August 15, 2019 letter written by Assistant Attorney General Jonathan D. Conley on behalf of Letitia James and the State of New York Office of the Attorney General. (Docket #5). The letter is deeply troubling for many reasons of which this Court needs to be made aware.

First, it is very disturbing that the New York Attorney General would agree to represent Barry R. Ostrager when the State of New York is not a Defendant in this case, and Barry R. Ostrager is being sued only in his individual capacity only for his deliberately unlawful and unconstitutional actions. Since the actions were deliberate and unlawful and absent all Defendant's jurisdiction, tax dollars should not be used to pay for Barry R. Ostrager's legal defense.

Having said that, I turn the Court's attention to the fiercely aggressive and false assertions made by Assistant Attorney General Jonathan D. Conley in his completely inappropriate August 15, 2019 letter.

In paragraph 1, Mr. Conley states "we right to advise the Court that Plaintiff James H. Brady is barred by a February 2017 filing injunction from commencing this action without obtaining leave from this Court. *See Brady v. Goldman*."

Mr. Conley continues: "Because Plaintiff has not complied with this filing requirement, we respectfully request that the instant action be dismissed with prejudice."

1

Mr. Conley must be forced to explain the rationale for making these false claims. Mr. Conley's claims are outrageous and completely false assertions that are completely inexcusable because they are being made by New York State's top law enforcement Office. Mr. Conley knows by reading what is written on the face of the *Brady v. Goldman* filing injunction that it could not apply in any way, shape or form to the present action against Barry R Ostrager.

There is no way of construing Plaintiff's Complaint against Barry R. Ostrager as having "a factual predicate on the cooperatives air rights appurtenant to Plaintiff's penthouse unit, or of the collateral actions that have arisen from it."

The charges against Barry R. Ostrager are distinctively and exclusively "predicated on" the multiple unlawful and unconstitutional violations Plaintiff was subjected to at the hands of Mr. Ostrager, and for the $1.7 million dollars in court-created debt that Plaintiff was forced to pay on September 5, 2018 because Defendant refused to adjudicate with a Yes or No answer James H. Brady's defense in a personal guarantee case that had nothing whatsoever to do with the filing injunction.

Judge Karas was the randomly assigned Judge to this case on July 30, 2019, and it was up to Judge Karas alone to determine at that time if Plaintiff's Complaint filed in this case against Barry R. Ostrager violated the filing injunction issued in *Brady v. Goldman*.

The first judge assigned to the case of *James H. Brady v. Barry R. Ostrager* was Judge Karas on July 30, 2019, and he was the only Judge with subject matter jurisdiction to determine if this case was barred by the filing injunction. Judge Karas allowed Plaintiff's Complaint to go forward when he had subject matter jurisdiction over the case, because it was clear this action was not predicated on the air rights that were appurtenant to Plaintiff's penthouse unit or a collateral action pertaining to the air rights.

Mr. Conley finishes the first paragraph of his August 15, 2019 letter asking this court to punish Plaintiff and dismiss his complaint "with prejudice." Specifically, Mr. Conley states: "Because Plaintiff has not complied with the pre-filing requirement, we respectfully request that the instant action be dismissed with prejudice." This is a false; and proven false by reading the filing requirement.

In paragraph 2 of Mr. Conley's August 15, 2019 letter, his claims become more irrational and unbelievable when he actually quotes what the filing injunction says on its face:

2

> Judge Daniels instructed that this "injunction should be broadly construed to bar the filing without leave of this Court of any defendant that has <u>a factual predicate on the cooperative's air rights appurtenant to Plaintiff's penthouse unit or any of the collateral actions that have arisen from it</u>.

As there is not a single word mentioning the "air rights appurtenant to Plaintiff's unit," in the *James H. Brady v. Barry R. Ostrager* case, and since it is not a collateral attack predicated on the air rights the case, this action was not blocked by Judge Karas, who was the only the judge with subject matter jurisdiction over this case.

Mr. Conley's dishonesty continues on page 3 of his letter when he writes, with a nod and a wink to the Court:

> This is the third lawsuit Plaintiff has commenced in this Court challenging the state courts' adjudication of the IGS Realty Lawsuit. The first lawsuit, *Brady v. DiFiore*, No. 19-CV-4380-ER (S.D.N.Y.),1 was dismissed by Judge Edgardo Ramos in May 2019 on the ground that it "squarely falls among those types of actions that Judge Daniels, in Brady, No. 16-CV-2287 (GBD) (SN), specifically enjoined Plaintiff from filing without obtaining the Court's leave." Order of Dismissal, *Brady v. DiFiore*, No. 19-CV-4380-ER (S.D.N.Y. May 22, 2019), ECF No. 4. In dismissing that action, Judge Ramos warned Plaintiff "that if he continues to disregard the filing injunction [], the Court may impose additional sanctions on him, including monetary penalties." Id

The Complaint filed in *James H. Brady v. DiFiore* is completely different than the Complaint in *James H Brady v. Barry R. Ostrager*. Judge Ramos dismissed the complaint in the former case "without prejudice" because the filing injunction only bars cases that pertain "expressly to the air rights that were appurtenant to Plaintiff's unit," and half of the Complaint in *James H. Brady v. DiFiore* dealt with the air rights and Judge DiFiore's involvement in the scandal. It was for that reason that he dismissed the complaint "without prejudice," which allows Plaintiff to refile the parts of the complaint that are not barred by the filing injunction. In an act of deceit, Mr. Conley leaves these facts out of his letter.

Judge Edgardo Ramos has never seen the Complaint of *James H. Brady v. Barry R Ostrager*; the Complaint was not filed until July 20, 2019, yet Mr. Conley states that in May 2019 Judge Ramos determined that this case "squarely falls among those types of actions that Judge Daniels, in *Brady*, No. 16-CV-2287 (GBD) (SN), specifically enjoined Plaintiff from filing without obtaining the Court's leave."

3

In paragraph 4, the lies of Mr. Conley and the Attorney General continue to get even more outrageous and unbelievable. For example, Mr. Conley states "Plaintiff alleged, among other things, that Justice Ostrager conspired with S.D.N.Y United States Attorney Geoffrey Berman by refusing to properly apply the law in the IGS Realty Law suit."

This claim is totally false and needs to be addressed by this Court.

Nowhere in this complaint or anywhere else does Plaintiff ever say "Judge Ostrager conspired with S.D.N.Y. United States Attorney Geoffrey Berman by refusing to properly apply the law in the *IGS Realty* Lawsuit."

It is unacceptable for this Court to permit these false claims to be made by Assistant Attorney General Conley when this Court knows those claims were never made in the present Complaint, and that is not what the claims against Barry Ostrager are predicated on.

Most important is the fact that the claims made by Magistrate Judge Moses in her August 2, 2019 *Report and Recommendation* are nothing more than *dicta* since she has no subject matter jurisdiction to adjudicate whether the present action *James H. Brady v. Barry R. Ostrager* is barred by a filing injunction in an unrelated case

A review of Magistrate Judge Moses's August 2, 2019 *Report and Recommendation* shows she went out of her way to comment on the present action, though she has no jurisdiction over the present case.

> Most recently, on July 30, 2019, plaintiff filed a new federal lawsuit in this District – this time against Justice Ostrager personally – seeking compensatory and punitive damages for Justice Ostrager's "participation" in a "retaliatory conspiracy" against plaintiff, as evidenced by his rulings in IGS Realty v. Brady. Complaint, Brady v. Ostrager, No. 19-CV-7122-KMK (S.D.N.Y. July 30, 2019), ECF No. 1 ¶¶ 25, 114-78.

Magistrate Judge Moses stepped in on July 2, 2019 and tried to help save Barry Ostrager from the consequences of his unlawful and unconstitutional actions by falsely and inappropriately – out of left field asserting in her *Report and Recommendation* that the pre-filing injunction in *Goldman* blocked all actions without leave, but then contradicts herself by stating that it only applies to cases that are predicated on the air rights that were appurtenant to Plaintiffs Unit. This means simply that the filing injunction does not apply to the case of *James H. Brady v. Barry R. Ostrager*.

4

It is shameful that the *dicta* statements of Magistrate Judge Moses in an August 2, 2019 *Report and Recommendation* in an different case are falsely presented as an adjudicated decision that the filing injunction applied to the present action.

Magistrate Judge Moses's subject matter jurisdiction only pertained to: a) the issue specifically detailed in Plaintiff's Criminal Complaint that James H. Brady is being deprived of his constitutional First Amendment right to file a criminal complaint at the Office of the United States Attorney; and b) Plaintiff was being denied his Freedom of Information Act requests to obtain files under his name that are in the possession of the FBI and the Department of Justice. All statements made pertaining to any other issues are outside of Magistrate Judge Moses's jurisdiction and are *dicta*.

This Court was asked by the New York State Attorney General to look at Magistrate Judge Moses's *Report and Recommendation* in order to dismiss this unrelated case against Barry R. Ostrager. Defendant is using the *Report and Recommendation* in an attempt to solicit bias and retaliation against Plaintiff.

Mr. Conley inappropriately introduced Magistrate Judge Moses's *Report and Recommendation* into this case when it has no relevance to this case. Since Mr. Conley introduced Judge Moses's *Report and Recommendation*, this Court should look at Plaintiff's August 16, 2019 *Opposition* to the motion to understand why Magistrate Judge Moses was outside her jurisdiction in using the filing injunction to recommend dismissing an action that had already been adjudicated as not barred by Presiding Judge Valerie Caproni.

In the final paragraph of the letter before his signature, Mr. Conley again falsely states:

> As two judges in this district have now concluded, Plaintiff's claims relating to the *IGS Realty* Lawsuit fall squarely within the scope of this filing injunction.2 Because the claims in this action arise from alleged acts taken by Justice Ostrager while presiding over the *IGS Realty* Lawsuit, Plaintiff is enjoined from asserting them here unless and until he obtains leave from this Court.

The claim is totally false.

Judge Caproni never said the *IGS Realty* Lawsuit falls within the scope of the filing injunction.

Judge Karas never said the *IGS Realty* Lawsuit falls within the scope of the filing injunction.

Judge Ramos never said the *IGS Realty* Lawsuit falls within the scope of the filing injunction.

United States Attorney Geoffrey Berman never said the *IGS Realty* Lawsuit falls within the scope of the filing injunction.

The only person ever to say that was Judge Moses, who had no subject matter jurisdiction to make that claim in her disgraceful August 2, 2019 *Report and Recommendation*. Regardless of what she said or did not say, it is all *dicta* because it was not a matter before her to determine.

It is plain that the Office of the New York State Attorney General will continue to be as corrupt under Letitia James as it was under the disgraced former Attorney General Eric Schneiderman. This court must not let itself become complicit in the unlawful and unconstitutional behavior of Ms. James and her Office.

I urge the Court to reject the false claims made in Mr. Conley's August 15, 2015 letter and to allow this case to move forward.


Sincerely,


*[signature]*

James H. Brady