## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. BRADY,<br>    *Plaintiff,*<br><br>    *v.*<br><br>BARRY R. OSTRAGER;<br>JOHN DOE 1−10; JANE DOE 1−10,<br>    *Defendants*. | Docket No.<br>19 Civ. 7122 (LGS)<br><br>LORNA G. SCHOFIELD,<br>United States District Judge |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REARGUMENT AND RECONSIDERATION



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-3-19

James H. Brady
*Pro se Plaintiff*
510 Sicomac Avenue
Wyckoff, NJ 07481
(201) 923-5511
bradyny@gmail.com

## TABLE OF CONTENTS

| | |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| JUDGE LORNA SCHOFIELD CANNOT CREATE NEW DEFENSES FOR DEFENDANT THAT ARE NOT ASSERTED ANYWHERE BY DEFENDANTS THEMSELVES | 2 |
| LEGAL ARGUMENT<br>STANDARD FOR MOTION FOR RECONSIDERATION | 3 |
| A.   IT IS UNLAWFUL FOR THIS COURT TO DISMISS *SUA SPONTE* A WELL-PLED COMPLAINT | 4 |
| B.   THE PARTIES AGREE JUDICIAL IMMUNITY DOES NOT APPLY IN THIS CASE | 7 |
| C.   EVEN ASSUMING ARGUENDO THAT DEFENDANT IS SHIELDED BY JUDICIAL IMMUNITY FOR HIS ACTIONS PRIOR TO AND DURING THE 2015 TRIAL, DEFENDANT IS NOT IMMUNE FOR CLAIMS ARISING FROM CONDUCT IN 2018 WHEN HE HAD NO JURISDICTION OVER PLAINTIFF | 9 |
| D.   THE PARTIES AGREE THE ROOKER-FELDMAN DOCTRINE DOES NOT APPLY IN THIS CASE | 11 |
| E.   JUDGE SCHONFIELD KNOWS JOHN AND JANE DOE REFER TO MEMBERS OF THE APPELLATE DIVISION, FIRST DEPARTMENT | 13 |
| F.   FEDERAL LAW IS CLEAR THAT A PRO SE LITIGANTS MUST BE PERMITTED TO CURE DEFECTS IN A COMPLAINT, PARTICULARLY ONE ALLEGING CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS | 14 |
| G.   THE COURT VIOLATED FED. CIV. PRO RULE 12 IN DISMISSING A  WELL PLEAD COMPLAINT SUA SPONTE | 15 |
| CONCLUSION | 16 |

## **TABLE OF AUTHORITIES**

*ANALYTICAL SURVEYS, INC. V. TONGA PARTNERS, L.P.*, 684 F.3D 36, (2D CIR. 2012) ............ 5

*Armstrong v. Rushing*, 352 F.2d 836 (1965) ............ 15

*Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) ............ 6, 8

*Bernier v. Bernier*, 449 Mass. 774, 797 (2007) ............ 11

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F.Supp.2d 696, 701 (S.D.N.Y. 2001) ............ 5

*Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) ............ 16

*Eldridge v. Block*, 832 F.2d (Court of Appeals 1987) ............ 14

*Ferdik v. Bonzelet*, 963 F.2d 1258 (Court of Appeals, 9th Cir. 1992) ............ 14

*Heacock v. Heacock*, 402 Mass. 21, 24 (1988) ............ 11

*In re Beacon Associates Litig.*, 818 F. Supp. 2D 697 (SDNY 2002) ............ 5

*James H. Brady v. Geoffrey S. Berman, United States Attorney for the Southern District of New York*, 18-CV-8459 (VEC) (BCM) ............ 4

*Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ............ 15

*Mireles v. Waco,* 502 US 9 (Supreme Court 1991) ............ 8

*New York State Attorney General v. Exxon Corp.*, Index No. 452044/2018 ............ 3

*Schmitz v. St. Regis Paper Co.*, 811 F.2d 131, 132–33 (2d Cir. 1987) ............ 3

*SHRADER V. CSX TRANSP., INC.*, 70 F.3D 255, 256–57 (2D CIR.1995) ............ 5

*Stump v. Sparkman*, 435 U.S. 349, 356 (1978)                                    7

*Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)                        16

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REARGUMENT AND RECONSIDERATION

### PRELIMINARY STATEMENT

Plaintiff James H. Brady filed the present action *James H. Brady v. Barry R. Ostrager, et al.,* 19 Civ. 7122 (LGS) on July 30, 2019 with White Plains, NY as the Venue. At that time, the case was randomly assigned to Judge Kenneth M. Karas.

Judge Karas was the only judge who had the jurisdiction to determine whether this case was barred by a filing injunction in an unrelated case; or whether judicial immunity applied to the claims in Plaintiff's Complaint; or whether the action was barred by the Rooker-Feldman Doctrine. Clearly Judge Karas determined none of these applied, which is why he did not make these assertions. That should be Law of the Case.

For some unexplained reason, on August 7, 2019 the case was reassigned to Judge Lorna G. Schofield and moved to Manhattan.

On August 15, 2019, Defendant replied to Plaintiff's Complaint through the New York Attorney General Letitia James, in a Letter Motion asking the Court to bar the action based on a filing injunction in an un-related case. The filing injunction is the only reason Defendants tried to assert for dismissing the action.

Then on August 20, 2019, District Judge Lorna Schofield filed the present *Order of Dismissal* asserting two entirely different reasons for dismissing the Complaint:

1

"For the reasons below, the Complaint is dismissed as barred by judicial immunity and the Rooker-Feldman doctrine." (¶1).

## JUDGE LORNA SCHOFIELD CANNOT CREATE NEW DEFENSES FOR DEFENDANT THAT ARE NOT ASSERTED ANYWHERE BY DEFENDANTS THEMSELVES

The *Order of Dismissal* is based on shifting reasons from those offered by Defendant and by the New York Attorney General. Judge Schofield is not supposed to act as defense lawyer for Defendant by providing her own defenses. This Court's stated reasons for dismissing the Complaint were not put forward by Defendant and cannot be used by this Court to dismiss the Complaint.

The case of *James H. Brady v. Geoffrey S. Berman, United States Attorney for the Southern District of New York*, 18-CV-8459 (VEC) (BCM) has nothing to do with this case, and yet it is the only defense put forward by Defendant.

As the Complaint and this Memorandum of Law shows, as a matter of law, neither judicial immunity nor the Rooker-Feldman Doctrine apply to this case.

The Complaint clearly states Plaintiff demands a jury trial. It is improper and a due process violation. for this Court to act as judge, defense attorney, and jury.

Further, Plaintiff should have been allowed to respond to Defendant's Letter Motion pursuant to Federal Rules of Civil Procedure 12, and to this Court's own "Individual Rules and Procedures for Civil Cases," November 9, 2018. This Court's Rules also require the movant to file "a pre-motion letter with the Court" prior to a motion to dismiss in order to "enable the Court to set an appropriate briefing schedule

2

and explore whether the motion may be: (i) obviated by an amendment to the pleadings or consent to the relief."

None of this occurred in this case. The Court is further shifting justifications for its actions, further creating the appearance of impropriety. "Controlling authority in this Circuit establishes that shifting justifications can unmask those explanations as mere pretext for improper conduct. See, e.g., *Schmitz v. St. Regis Paper Co*., 811 F.2d 131, 132–33 (2d Cir. 1987) (finding an employer's shifting explanations for an adverse action supplied evidence of pretext)."

Judge Schofield states on page 3 of the August 20, 2019 *Order of Dismissal* that "Plaintiff's claims are all based on Justice Ostrager's rulings in a state court proceeding." A review of the Court's *Order* and of Plaintiff's Complaint, as quoted by Judge Schofield below, shows that none of Plaintiff's claims stem from "state court proceedings" but from actions taken by Defendant outside his jurisdiction in violation fo Plaintiff's constitutional rights, and from Defendant's failure and refusal to adjudicate Plaintiff's claims.

## LEGAL ARGUMENT

## STANDARD FOR MOTION FOR RECONSIDERATION

Under Fed. R. Civ. P. 59(e) and Local Rule 6.3, motions for reconsideration and reargument may be granted where (1) the moving party can show an intervening change in the controlling law; (2) upon discovery of new evidence not previously available; or

3

(3) on a showing of the need to correct a clear error of law or prevent manifest injustice. *In re Beacon Associates Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011) (granting motion for reconsideration); see also *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F.Supp.2d 696, 701 (S.D.N.Y. 2001).

Plaintiff seeks reconsideration under the third category. In particular, a motion for reconsideration on such grounds will be granted where "the moving party can point to controlling decisions or data that the court overlooked." *3 Motions in Federal Court* § 9:36.50 (3d ed.), citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, Fed. Sec. L. Rep. (CCH) P 96903, Fed. Sec. L. Rep. (CCH) P 96936 (2d Cir. 2012).

Plaintiff's *Memorandum of Law in Support of Motion for Reconsideration and Reargument* proves that the "controlling decisions or data that the court overlooked might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir.1995). Indeed, the law cited by the Court in its August 20, 2019 *Order for Dismissal* proves Plaintiff's Claims are neither barred by the filing injunction, nor subject to judicial immunity nor the Rooker-Feldman Doctrine.

## A.   IT IS UNLAWFUL FOR THIS COURT TO DISMISS *SUA SPONTE* A WELL-PLED COMPLAINT

Judge Schofield states on page 4 of the August 20, 2019 *Order of Dismissal:*

Only when a judge takes action "outside" his judicial capacity or when a judge takes action "in absence of jurisdiction" does immunity not apply. *Mireles*, 502

4

U.S. at 9-10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Because the claims against Justice Ostrager arise of out of his alleged rulings and actions while presiding over state court proceedings, all of which were within his judicial capacity and jurisdiction, these claims are dismissed.

It is incorrect to make the assertion that the causes of action in the Complaint arise

out of "state court proceedings," and it is proven false by reviewing the Complaint and

the Court's own summary of the Complaint, which proves the facts alleged include far

more than "state court proceedings."

Plaintiff Brady filed a 152-page Complaint (44 pages plus 108 pages of exhibits) against Justice Ostrager, New York County, ten John Does, and ten Jane Does. The Complaint states the following causes of action: "violations of Plaintiff's civil rights to due process and equal treatment pursuant to 42 U.S.C. § 1983 and § 1985; violation of Plaintiff's First Amendment right; and violations of Civil RICO 18 U.S.C. § 1964(c); Conspiracy Against Rights; Failure to Intervene; Denial of Plaintiff's Right to a Fair Trial; and Intentional Infliction of Emotional Distress." (Dkt. No. 2 at 1.).

The allegations concern decisions that Justice Ostrager made in a litigation over The Arts Building, 336 West 37th Street, New York, New York 10018. (Dkt. No. 2 at 84.) The Complaint alleges that the judge refused to adjudicate certain issues, had no jurisdiction to preside over Plaintiff's 2015 trial, colluded with the landlord's attorney during trial, fabricated a jury charge, had no jurisdiction to hear Plaintiff's case and colluded with higher court judges. (Dkt. No. 2 at 39.).

The Complaint further states that Plaintiff has maintained a website since 2009 "which provides a documentary history of corruption in the New York Court System," and that he "has also made numerous YouTube Videos in which he discusses in detail the collusion between judges and politicians, and the consequences on the judiciary." (Dkt. No. 2 at 28.)

5

Because of this activity, the Complaint alleges that Justice Ostrager and others have retaliated against Plaintiff.

The facts above prove that Judge Schofield's assertion that "Plaintiff's claims are all based on Justice Ostrager's rulings in a state court proceeding" is untrue. Defendant's themselves do not makes these assertions. Rather, Defendant's Letter Motion urges the Court to bar this action based on the filing injunction in *Brady v. Goldman, et al*.

Pages 22 to 27 of Plaintiff's Complaint describe actions and inactions that were taken "outside" of Defendant's jurisdiction and were taken "in an absence of all jurisdiction."

Plaintiff's Complaint was based on the undisputed illegal conduct of and due process violations of Commercial Division Judge Barry R. Ostrager committed under color of law before, during, and after presiding over two different related litigation in the case of *IGS Realty v. James H. Brady*.

Secondly, Plaintiff's claims stem from Judge Barry R. Ostrager's *failure to make a decision in a case*, not his actions adjudicating a case. Defendant's refusal to adjudicate the issue of the Personal Guarantees was not a judicial function but the very opposite of one.

Plaintiff's Complaint makes it clear in the first paragraphs that James H. Brady was forced to pay over $1.7 million dollars in court-created debt because Defendant refused to make *any* rulings in the state court proceedings on James H. Brady's defenses

6

to the Personal Guarantees. As explained in the Complaint, Barry Ostrager is not shielded from liability if he refuses to carry out the legal function of rendering a decision. That is a prerequisite to a judicial immunity defense.

## B.   THE PARTIES AGREE JUDICIAL IMMUNITY DOES NOT APPLY IN THIS CASE

The facts detailed in Plaintiff's Complaint and shows that Plaintiff's allegations arise from conduct which was outside of Defendant's jurisdiction and actions that were done outside the adjudication of a case in which Defendant was a presiding judge.

¶28.   It was absent on all jurisdictions and was a constitutional violation for Judge Barry Ostrager to refuse to make a decision in relation to this particular Personal Guarantees case.

¶29.   The refusal to adjudicate the issue before the Court was the opposite of a judicial act and thus judicial immunity does not apply.

¶30.   The unlawful and unconstitutional acts of Barry Ostrager were not taken in the judges' judicial capacity.

¶31.   Judges are immune for the wrong decision they may make, but they are not immune from liability from a judicial function that the Court was required to make as a judicial function but yet refuses to make.

¶80.   "A judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).

Plaintiff's Complaint makes it perfectly clear that his claims arise out of conduct which is not subject to immunity. For example:

7

¶55.   The February 17, 2017 Decision and the April 7, 2017 Decision show the $1,705,535.71 Plaintiff was forced to pay was unlawful court-created debt resulting from Defendant Barry R. Ostrager's refusal to carry out his judicial function and render a decision on the Personal Guarantees defenses.

> "The principal hallmark of the judicial function is a decision in relation to a particular case." *Mireles v. Waco,* 502 US 9 (Supreme Court 1991).

¶56.   No immunity could apply to a man who refuses to perform the paramount judicial function.

Defendant's refusal to adjudicate the Personal Guarantees came after Plaintiff refused to accept Barry Ostrager's June 23, 2015 threat to accept the Landlord's IGS Realty offer to pay Plaintiff $50,000 to settle the dispute.  Threatening a party in litigation is a non-judicial act, and retaliating for not caving into the threat, are not judicial acts.  It is not a judicial act for a judge to refuse to adjudicate the issue that was before the court, and it is not a judicial act for a court to collude with one side in a scheme of what the court would do if a party refused a settlement offer.

Nothing in either this Court's August 20, 2019 *Order of Dismissal*, nor in the NYAG's August 15, 2019 Letter Motion deny or address one word of this.

The causes of action in Plaintiff's Complaint are not barred by judicial immunity because every causes of action stems from a non-judicial acts taken outside Defendant's jurisdiction. The Complaint alleges:  (1) violations of Plaintiff's civil rights to due process and equal treatment pursuant to 42 U.S.C. §1983 and §1985; (2) violation of Plaintiff's First Amendment right; and (3) violations of Civil RICO 18 U.S.C. §1964(c);

8

(4) Conspiracy Against Rights; (5) Failure to Intervene; (6) Denial of Plaintiff's Right to a Fair Trial; and (7) Intentional Infliction of Emotional Distress.

None of these violations of Plaintiff's rights can be dismissed by asserting judicial immunity. As Plaintiff's Complaint states (¶ 80): "A judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).

Further, Judge Barry Ostrager only had jurisdiction over Court of Claims matters in June of 2015 and was absent all jurisdictions to hear New York Supreme Court cases. Defendant never had jurisdiction to begin with,

## C. EVEN ASSUMING ARGUENDO THAT DEFENDANT IS SHIELDED BY JUDICIAL IMMUNITY FOR HIS ACTIONS PRIOR TO AND DURING THE 2015 TRIAL, DEFENDANT IS NOT IMMUNE FOR CLAIMS ARISING FROM CONDUCT IN 2018 WHEN HE HAD NO JURISDICTION OVER PLAINTIFF

Assuming this Court's August 20, 2019 *Order of Dismissal* is correct that Defendant is protected by judicial immunity for any acts committed prior to and during the trial in *IGS Realty* case, Barry R. Ostrager could not be protected by judicial immunity for actions taken in 2018 under any theory of judicial immunity.

Plaintiff's Complaint shows that Mr. Brady sent Defendant Barry Ostrager the following letters demanding that he fix the damage caused by his unlawful non-judicial

9

acts, for which as a State Employee he had a duty to intervene when presented with facts detailed in Plaintiff's letters:

- March 23, 2018 (Exhibit 14 of the Complaint)
- April 18, 2018  (Exhibit 16 of the Complaint)
- May 14, 2018  (Exhibit 17 of the Complaint)
- May 31, 2018  (Exhibit 18 of the Complaint)
- August 27, 2018  (Exhibit 19 of the Complaint)

These letter exhibits were in included with Plaintiff's July 30, 2019 Complaint and the Court knows Defendant was no longer the presiding judge in the *IGS Realty* case and could not be shielded from liability under any interpretation of judicial immunity.

To establish a claim for failure to intervene, a plaintiff must prove the following four elements: (1) that a constitutional violation was being committed against the plaintiff; (2) that the officer knew, or deliberately ignored, the fact that the constitutional violation was going to be, or was being, committed; (3) that the defendant had a reasonable opportunity to intervene and prevent the harm; and (4) that the defendant did not take reasonable steps to intervene. *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 296 (N.D.N.Y. 2018).

The claims arising from Defendant's actions in 2018 satisfy the criteria for a failure to intervene claim, which is entirely distinct from   Judge Ostrager had plenty of time and opportunity to intervene and prevent the harm and of course Defendant failed to take any action.

10

**D.    THE PARTIES AGREE THE ROOKER-FELDMAN DOCTRINE DOES
NOT APPLY IN THIS CASE**

Judge Schofield August 20, 2019 *Order of Dismissal* states that "Plaintiff's claims

are all based on Justice Ostrager's rulings in a state court proceeding."

A review of the Court's *Order* and of Plaintiff's Complaint, as quoted by Judge

Schofield below, shows that none of Plaintiffs claims stem from "state court

proceedings" but from actions taken by Defendant outside his jurisdiction in violation of

Plaintiff's constitutional rights, and from Defendant's failure and refusal to adjudicate

Plaintiff's claims.

The Rooker-Feldman Doctrine and *Res judicata* are inapplicable unless the party

asserting the defense can establish "that the claim was actually and necessarily decided

in a prior action or that there was a full and fair opportunity to have done so that was not

taken." *Bernier v. Bernier*, 449 Mass. 774, 797 (2007).

In order for *res judicata* to apply and this action be barred by the Rooker-Feldman

Doctrine, this action would have to (1) "share the same underlying claim" as the state

law action, which it does not; (2) seek the same relief, which again it does not as this is

the first time Plaintiff has sued Judge Ostrager; and (3) "the purpose of the actions must

be the same," which in this case they cannot be as there is no prior state court ruling

which this action seeks to appeal.  *Heacock v. Heacock*, 402 Mass. 21, 24 (1988).

Neither Defendant nor the New York Attorney General who came to his defense

assert that this action is barred by *res judicata* or the Rooker-Feldman Doctrine. It is

11

improper for this Court to make the defense *sua sponte* on behalf of Justice Ostrager and then rule in favor of the court-created defense.

The Court has not and can not establish that Barry R. Ostrager's unlawful and unconstitutional actions "were actually and necessarily decided in a prior action." This is the first time Judge Ostrager has been sued for his unlawful and unconstitutional actions against Plaintiff, which is why Defendants do not make this defense.

## Defendant Never Made a Decision in the IGS Realty Personal Guarantee Case

Plaintiff is not a state court loser seeking redress in federal courts. In order to be a state court loser, Plaintiff would have to be appealing a "Decision" which states that the Personal Guarantees were not voided. No such Decision exists. A review of the February 17, 2017, April 7, 2017 Decisions by Barry Ostrager, and the June 7, 2018 Appellate Division Decision proves neither the Supreme Court nor Appellate Division ever made a decision pertaining to Plaintiff's Personal Guarantees defenses. The words "Personal Guarantees" are nowhere in any of the three decisions.

There is a huge distinction between being a Supreme Court loser and a judge who refuses to issue a decision. Regardless of this, the Complaint includes allegations far removed

12

**E.   JUDGE SCHONFIELD KNOWS JOHN AND JANE DOE REFER TO
MEMBERS OF THE APPELLATE DIVISION, FIRST DEPARTMENT**

Under the heading "John and Jane Doe," Judge Schofield writes on page 4 of her

Order of Dismissal:

> The Complaint also includes John and Jane Doe Defendants in the caption, but
> only makes conclusory statements that these Defendants, along with Justice
> Ostrager and Governor Andrew Cuomo, "engaged in a RICO enterprise that has
> been 'continuous' pursuant to the statute." (Dkt. No. 2 at 37.) Because the
> Complaint includes no factual allegations to support these legal conclusions, these
> claims are dismissed.

Plaintiff's Complaint makes it perfectly clear and not in a cursory manner who any

future parties would include. The Complaint is specific as to other actors who may have

violated Plaintiff's rights. For example:

> ¶57.   A review of the video of the Appellate Division, First Department May 16,
> 2018 Oral Argument Archives proves that the Appellate Division judges also sat
> silent and refused to adjudicate the issue before the Court, which was Plaintiff's
> defense to the enforcement of the Personal Guarantees.

> ¶63.   The Appellate Division, First Department's June 7, 2018 decision (Exhibit
> 12) affirmed Defendant's April 7, 2017 decision, which expressly states Barry
> Ostrager, is ignoring Plaintiff's defenses, proving the issue of the Personal
> Guarantees was never adjudicated.

> ¶65.   Plaintiff was forced to sell his family business and his life destroyed and
> pay a scofflaw landlord $1,705,535.71 because Defendant and the Appellate
> Division refused "to make a decision" even though the IGS Realty Complaint
> (Exhibit 7) was nothing but a Personal Guarantee case.

A review of the video of the Appellate Division, First Department May 16, 2018

Oral Argument Archives proves that the Appellate Division judges also sat silent and

refused to adjudicate the issue before the Court, which was Plaintiff's defense to the enforcement of the Personal Guarantees.

A letter sent to the Appellate Division, First Department on May 18, 2018 (Exhibit 10 of the Complaint) confronts them on their silence during the May 16, 2018 Oral Arguments, and that they had a duty to adjudicate the Personal Guarantee defense.

Another letter to the Appellate Division sent on June 5, 2018 (Exhibit 11 of the Complaint) "The transcript of the May 16, 2018 Oral Arguments shows this Court refused to answer whether the Merger Clause to the contract was breached by the Landlord even though the parties have always agreed it was."

Two days later on June 7, 2018, the Appellate Division wrote a few sentence long decisions, deliberately refusing to adjudicate the Personal Guarantees defense.

## F.   FEDERAL LAW IS CLEAR THAT A PRO SE LITIGANTS MUST BE PERMITTED TO CURE DEFECTS IN A COMPLAINT, PARTICULARLY ONE ALLEGING CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS

Judge Schofield's *Order of Dismissal* further unconstitutionally deprives a *Pro Se* litigant of the right to amend a complaint, thought the *Order* does not assert that any defects in the Complaint cannot be fixed through amendment. Federal law is clear:

"Before dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258 (Court of Appeals, 9th Cir. 1992).

"This rule is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d (Court of Appeals 1987).

14

"A *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Armstrong v. Rushing*, 352 F.2d 836 (1965).

Judge Schofield violated federal law in not allowing Plaintiff to cure whatever defects the Complaint may have had.

Particularly, if the Court determined that some of Defendants actions are shielded from liability under judicial immunity, the Court should have ordered Plaintiff to amend the Complaint to remove those sections and re-file with only the allegations from 2017-2018.

## G. THE COURT VIOLATED FED. CIV. PRO RULE 12 IN DISMISSING A WELL PLEAD COMPLAINT SUA SPONTE

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," if a plaintiff has

15

not nudged [his or her] claims across the line from conceivable to plausible, the complaint must be dismissed," *See also Iqbal*, 556 U.S. at 679.

The Court must "draw all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014). Where, as here, a plaintiff proceeds *pro se*, the Court must "construe his complaint liberally and interpret it to raise the strongest arguments that it suggests." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted).

## CONCLUSION

Neither judicial immunity nor Rooker-Feldman Doctrine apply to this case. White Plains District Judge Kenneth M. Karas did not dismiss this case when it was under his jurisdiction and that is law of the case which this Court must follow. Defendants themselves, throught the New York State Attorney General, do not take the position that judicial immunity and Rooker-Feldman Doctrine apply to this case. This Court is creating defenses on behalf of Defendant Commercial Division Judge Barry R. Ostrager to dismiss the action *sua sponte*.

The Court states on page 3 that "Plaintiff's claims are all based on Justice Ostrager's rulings in a state court proceeding." Yet the Court's own account of Plaintiff's Complaint proves this is an untrue assertion. None of Plaintiff's claims stem from state court proceedings; they stem from constitutional violations of Plaintiff's rights under color of law and outside Defendant's jurisdiction.

16

The Court's August 20, 2019 *Order of Dismissal* violates Plaintiff's constitutional right to due process and should be reversed.


DATED:  September 3, 2019


James H. Brady, *Pro se Plaintiff*
510 Sicomac Avenue
Wyckoff, NJ 07481.
bradyny@gmail.com

17

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2019

JAMES H. BRADY,

               Plaintiff,

               -against-

BARRY R. OSTRAGER; JOHN DOE 1–10;
JANE DOE 1–10,

               Defendants.

19 Civ. 7122 (LGS)

ORDER OF DISMISSAL

LORNA G. SCHOFIELD, United States District Judge:

     Plaintiff James H. Brady brings this *pro se* action, for which the filing fees have been paid, alleging that Defendant Barry R. Ostrager, a Justice of the New York Supreme Court, New York County, violated Plaintiff's constitutional rights during state court proceedings. For the reasons below, the Complaint is dismissed as barred by judicial immunity and the *Rooker-Feldman* doctrine.

## BACKGROUND

     Plaintiff Brady filed a 152-page Complaint (44 pages plus 108 pages of exhibits) against Justice Ostrager, New York County, ten John Does, and ten Jane Does. The Complaint states the following causes of action: "violations of Plaintiff's civil rights to due process and equal treatment pursuant to 42 U.S.C. § 1983 and § 1985; violation of Plaintiff's First Amendment right; and violations of Civil RICO 18 U.S.C. § 1964(c); Conspiracy Against Rights; Failure to Intervene; Denial of Plaintiff's Right to a Fair Trial; and Intentional Infliction of Emotional Distress." (Dkt. No. 2 at 1.)

     The allegations concern decisions that Justice Ostrager made in a litigation over The Arts Building, 336 West 37th Street, New York, New York 10018. (Dkt. No. 2 at 84.) The Complaint alleges that the judge refused to adjudicate certain issues, had no jurisdiction to preside over

Plaintiff's 2015 trial, colluded with the landlord's attorney during trial, fabricated a jury charge, had no jurisdiction to hear Plaintiff's case and colluded with higher court judges. (Dkt. No. 2 at 39.)

The Complaint further states that Plaintiff has maintained a website since 2009 "which provides a documentary history of corruption in the New York Court System," and that he "has also made numerous YouTube Videos in which he discusses in detail the collusion between judges and politicians, and the consequences on the judiciary." (Dkt. No. 2 at 28.) Because of this activity, the Complaint alleges that Justice Ostrager and others have retaliated against Plaintiff.

## STANDARD

The Court has the authority to dismiss a Complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous or the Court lacks subject matter jurisdiction. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim is frivolous when it "lacks an arguable basis either in law or in fact," *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998), or "when 'it is clear that the defendants are immune from suit," *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

While generally, "[a] pro se Complaint should not [be] dismiss[ed] without [the court's] granting leave to amend at least once when a liberal reading of the Complaint gives any indication that a valid claim might be stated," this principle has limits. SeeDolan *v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). In "extraordinary circumstances," a court need not grant leave to amend, where "the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988), it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims," *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d

2

Cir.1999), or amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011).

## DISCUSSION

### A.    Judicial Immunity

Plaintiff's claims are all based on Justice Ostrager's rulings in a state court proceeding. These claims are dismissed under the doctrine of judicial immunity.

Judges are absolutely immune from suit for actions they take within the scope of their judicial responsibilities and jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature," and "even [a party's] allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Section 1983 further provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983. Only when a judge takes action "outside" his judicial capacity or when a judge takes action "in absence of jurisdiction" does immunity not apply. *Mireles*, 502 U.S. at 9-10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Because the claims against Justice Ostrager arise of out of his alleged rulings and actions while presiding over state court proceedings, all of which were within his judicial capacity and jurisdiction, these claims are dismissed.

3

**B.     Rooker-Feldman doctrine**

The claims are also barred by the *Rooker-Feldman* doctrine. Federal courts lack subject matter jurisdiction to review cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The Complaint alleges the state court decisions violate Plaintiff's rights. These claims are for injuries "caused by the state court judgment," *Exxon*, 544 U.S. at 284, over which this Court does not have jurisdiction.

**C.     John and Jane Doe Defendants**

The Complaint also includes John and Jane Doe Defendants in the caption, but only makes conclusory statements that these Defendants, along with Justice Ostrager and Governor Andrew Cuomo, "engaged in a RICO enterprise that has been 'continuous' pursuant to the statute." (Dkt. No. 2 at 37.) Because the Complaint includes no factual allegations to support these legal conclusions, these claims are dismissed.

**D.     Prior Injunction against Plaintiff**

On February 3, 2017, in a prior similar case, Judge Daniels enjoined Plaintiff from:

filing new actions in the Southern District of New York that relate in any way to [a] cooperative's air rights appurtenant to [Plaintiff's] cooperative unit at 450 West 31st Street, New York, New York, or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights. This injunction should be broadly construed to bar the filing without leave of this Court of any case, against any defendant that has as a factual predicate the

4

cooperative's air rights appurtenant to Plaintiff's penthouse unit, or any of the collateral actions that have arisen from it.

*Brady v. Goldman*, 16 Civ. 2287, 85, 2017 WL 496083, at \*2 (S.D.N.Y. Feb. 3, 2017), *aff'd*, 714 F App'x 63 (2d Cir. 2018) (summary order), *cert. denied*, 139 S.Ct. 329 (2018) ("*Brady I*"). Judge Daniels adopted Judge Netburn's Report & Recommendation, which noted that Brady had "presented a long series of lawsuits that could only be considered vexatious, harassing, and duplicative and in which he has no objective good-faith expectation of prevailing," and that his litigation "has strained the resources of both the federal and state judiciary and provoked needless expense among the parties, both private and public." (Dkt. No. 4. at 5.)

In an action filed after the court's February 3, 2017 injunction, *see Brady v. DiFiore*, DKT. NO. 19 Civ. 4380, 1 (S.D.N.Y. May 22, 2019) ("*Brady II*"), the court found that that action fell squarely among the types of actions that Judge Daniels in *Brady I* specifically enjoined. The *Brady II* court construed the Complaint as requesting leave to file, denied the request, and warned Plaintiff, under 28 U.S.C. § 1651, that if he continued to disregard the filing injunction in *Brady I*, the court may impose additional sanctions, including monetary penalties.

The New York state court has also previously warned Plaintiff. Justice Shirley Kornreich found that Brady's "dragging more than twenty parties into court to litigate matters that have already been determined and claims that lack any substance" were "a near perfect example of frivolous conduct," and imposed attorneys' fees as a sanction. *Brady v. 450 West 31st Street Owners Corp.*, 2014 WL 3515139 (Sup. Ct. N.Y. Cnty. July 15, 2014).

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing any new action in this Court without prior permission. *See* 28 U.S.C. § 1651.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed as barred by judicial immunity and the *Rooker-Feldman* doctrine. The February 3, 2017 injunction, *see Brady I*, 16 Civ. 2287, remains in effect.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action, and to mail a copy of this Order and judgment to Plaintiff.

SO ORDERED.

Dated:   August 20, 2019
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6

# EXHIBIT 2



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 15, 2019

Writer's Direct Dial: (212) 416-8108

*By ECF*

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: ***Brady v. Ostrager***, No. 7:19-cv-07122-LGS

Dear Judge Schofield:

This Office represents Justice Barry R. Ostrager in the above-referenced action. In accordance with Section I.B.1 of Your Honor's Individual Rules and Procedures, we write to advise the Court that Plaintiff James H. Brady is barred by a February 2017 filing injunction from commencing this action without obtaining leave from this Court. *See Brady v. Goldman*, No. 16-cv-2287 (GBD) (SN), 2017 WL 497083, at *2 (S.D.N.Y. Feb. 3, 2017), *aff'd*, 714 F. App'x 63 (2nd Cir. 2018) (summary order). Because Plaintiff has not complied with this pre-filing requirement, we respectfully request that the instant action be dismissed with prejudice.

In February 2017, Judge George B. Daniels of this Court enjoined Plaintiff from "filing new actions in the Southern District of New York that relate in any way to [a] cooperative's air rights appurtenant to [Plaintiff's] cooperative unit at 450 West 31st Street, New York, New York, or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights." *Id.* Judge Daniels instructed that this "injunction should be broadly construed to bar the filing without leave of this Court of any case, against any defendant that has as a factual predicate the cooperative's air rights appurtenant to Plaintiff's penthouse unit, or any of the collateral actions that have arisen from it." *Id.*

Here, Plaintiff seeks monetary damages against Justice Ostrager for allegedly taking part in a "retaliatory conspiracy" against him while presiding over a commercial dispute in New York Supreme Court, captioned as *IGS Realty Co. v. Brady*, No. 603561/09 (Sup. Ct. N.Y. Cnty.) (the "*IGS Realty* Lawsuit"). This is the third lawsuit Plaintiff has commenced in this Court

The Honorable Lorna G. Schofield
August 15, 2019

challenging the state courts' adjudication of the *IGS Realty* Lawsuit. The first lawsuit, *Brady v. DiFiore*, No. 19-CV-4380-ER (S.D.N.Y.),[1] was dismissed by Judge Edgardo Ramos in May 2019 on the ground that it "squarely falls among those types of actions that Judge Daniels, in *Brady*, No. 1 6-CV-2287 (GBD) (SN), specifically enjoined Plaintiff from filing without obtaining the Court's leave." Order of Dismissal, *Brady v. DiFiore*, No. 19-CV-4380-ER (S.D.N.Y. May 22, 2019), ECF No. 4. In dismissing that action, Judge Ramos warned Plaintiff "that if he continues to disregard the filing injunction [], the Court may impose additional sanctions on him, including monetary penalties." *Id.*

The same conclusion was reached by Magistrate Judge Barbara Moses in *Brady v. Berman*, 18-cv-8459 (S.D.N.Y.). There, Plaintiff alleged, among other things, that Justice Ostrager conspired with S.D.N.Y. United States Attorney Geoffrey Berman by refusing to properly apply the law in the *IGS Realty* Lawsuit. In a Report and Recommendation dated August 2, 2019, Magistrate Judge Moses concluded the action was "barred—in its entirety—by the February 3, 2017 injunction, issued in *Brady v. Goldman*." *Id.* at \*13, ECF No. 35. In recommending dismissal, Magistrate Judge Moses reasoned "[t]he injunction extends to the entire action – including plaintiff's claims based on *IGS Realty* ... – because it bars any 'new actions,' not just any 'new claims,' relating 'in any way' to the air rights dispute." *Id.*

For the same reasons, this action is barred. The Court's 2017 filing injunction enjoins Plaintiff from filing "any collateral actions" in this district "relating in any way to the air rights dispute." *Id.* As two judges in this district have now concluded, Plaintiff's claims relating to the *IGS Realty* Lawsuit fall squarely within the scope of this filing injunction.[2] Because the claims in this action arise from alleged acts taken by Justice Ostrager while presiding over the *IGS Realty* Lawsuit, Plaintiff is enjoined from asserting them here unless and until he obtains leave from this Court. Plaintiff has not complied with this pre-filing requirement. Consequently, this action is barred, and should be dismissed with prejudice.

Thank you for your time and attention in this matter.

Respectfully submitted,

/s/
Jonathan D. Conley
Assistant Attorney General

---

[1] In *Brady v. DiFiore*, Brady alleged that Chief Judge DiFiore and Associate Judge Garcia participated in a "retaliation conspiracy fraud scheme" in which they "willfully and knowingly created unlawful debt against Plaintiff by intentionally refusing to adjudicate Plaintiff's defenses to Personal Guarantees" in the *IGS Realty* Lawsuit presided over by Justice Ostrager. *See* Compl., *Brady v. DiFiore*, No. 19-CV-4380-ER (S.D.N.Y. May 22, 2019), ECF No. 1 ¶¶ 11, 47, 54, 112–123.

[2] *See* Report & Recommendation to the Hon. Valerie E. Caproni, *Brady v. Berman*, 18-cv-8459 (S.D.N.Y. Aug. 2, 2019), ECF No. 35; Order of Dismissal, *Brady v. DiFiore*, No. 19-CV-4380-ER (S.D.N.Y. May 22, 2019), ECF No. 4.

The Honorable Lorna G. Schofield
August 15, 2019

cc (*by first-class mail*):          James Brady
                                     510 Sicomac Avenue
                                     Wyckoff, N.J. 07481